IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BRADLEY MARTINKOVICH, | Civil No. 11-3065-CL |
| | AMENDED |
| Plaintiff, | ORDER TO PROCEED IN FORMA |
| | PAUPERIS AND REPORT |
| | AND RECOMMENDATION |
| | TO DISMISS |
| v. | |
| OREGON LEGISLATIVE BODY; OREGON STATE REPRESENTATIVE SAL ESQUIVEL; JACKSON COUNTY SHERIFF MIKE WINTERS; MEDFORD OREGON CHIEF TIM GEORGE, | |
| Defendants. | |

CLARKE, Magistrate Judge:

**INTRODUCTION**

Plaintiff Bradley Martinkovich ("Plaintiff") brings this civil rights action against Defendants arising from the denial of his renewal application for a concealed handgun license ("CHL"). Plaintiff seeks $1,000,040 in compensatory damages, punitive damages, and a public apology. Plaintiff seeks to proceed in forma pauperis (#1). For the reasons set forth below, Plaintiff's complaint should be dismissed on the basis that Plaintiff's action is frivolous and fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2).

//

## STANDARDS

In forma pauperis complaints entitle the court to heightened screening because in forma pauperis plaintiffs are not subject to the economic deterrents of filing frivolous lawsuits. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). 28 U.S.C. § 1915(e)(2) states in part, where a case is filed in forma pauperis, the court must dismiss the case if the action is frivolous or fails to state a claim for relief.

When determining if a plaintiff's complaint is frivolous, the court makes "''an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.''" Franklin, 745 F.2d at 1228 (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)). This standard also applies when determining the applicability of immunity. See Sun v. Forrester, 939 F.2d 924, 925-26 (11th Cir. 1991) (per curiam) (determining plaintiff's claim against a judge was frivolous because "[a] judge is absolutely immune from suit in performing his judicial responsibilities.")).

In determining whether a plaintiff's complaint states a claim for relief, the factual allegations, taken as true must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). Plaintiff's Complaint must plead facts sufficient to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). Facts pleaded must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

Liberally construed, pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). That is, a pro se complaint must state a short and plain statement of the claim while giving defendants fair notice of the alleged claims against them. Fed. R. Civ. Pro. 8(a).

## DISCUSSION

Plaintiff's Complaint alleges the respective Defendants violated different constitutional provisions arising from the denial of his renewal application. Plaintiff's Complaint alleges Defendants violated his Second Amendment right to bear arms, his Fourteenth Amendment right to due process and equal protection, and the Ex Post Facto and Contract Clauses of Article I Section 10. (Pl.'s Compl. at 2.) Because the Complaint alleges different constitutional violations with respect to each Defendant, Plaintiff's claims against each defendant will be discussed separately.

I.    **Claims against Sheriff Mike Winters**

Before his 2004 CHL expired, Plaintiff sent the required documents and $50.00 renewal fee to the Jackson County Sheriff's Department in April 2008. (Id.) Plaintiff alleges Sheriff Mike Winters ("Winters") violated his constitutional rights by denying the 2008 renewal application for his CHL. Plaintiff also alleges Winters "has denied and awarded such contracts, applying the law at his whim" and "has refused to give audience to Plaintiff so this matter might be rectified amicably." (Id.) Plaintiff further alleges Winters "knew or should have known" denying his CHL renewal violated Plaintiff's Second Amendment rights, his Fourteenth Amendment rights to due process and equal protection, and the Article I Section 10 Contract Clause. (Id.)

### A. Plaintiff's Complaint fails to state a claim for relief against Winters under the Second Amendment.

The individual's right to bear arms secured by the Second Amendment is not unlimited. Dist. of Columbia v. Heller, 554 U.S. 570, 595, 128 S. Ct. 2783 (2008) ("the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."). The Second Amendment does not prohibit regulations on carrying a concealed weapon. Id. at 627 ("the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues."); Robertson v. Baldwin, 165 U.S. 275, 281-82, 17 S. Ct. 326 (1897) ("the right of the people to keep and bear arms (article 2) is not infringed by laws prohibiting the carrying of concealed weapons . . .").[1] Because Plaintiff does not have a constitutional right to carry a concealed weapon, Plaintiff fails to state a claim for relief against Winters for his actions in connection with the denial of Plaintiff's CHL renewal under the Second Amendment.

### B. Plaintiff's Complaint fails to state a claim for relief against Winters under the Fourteenth Amendment Due Process and Equal Protection Clauses.

#### 1. Due Process Clause

The threshold requirement for a procedural due process claim requires the plaintiff to show a property or liberty interest protected by the constitution. Wedges/Ledges of Cal., Inc. v. City of Phx., 24 F.3d 56, 62 (9th Cir. 1994) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972)).

---

[1] See also State v. Owenby, 111 Or. App. 270, 274, 826 P.2d 51 (1992) (analyzing analogous state constitutional provision regarding concealed weapons: "Because the regulation is a reasonable and narrowly drawn restriction on the right to bear arms, it does not violate Article I, section 27.")

### a. Plaintiff does not establish a property interest under the Due Process Clause of the Fourteenth Amendment in possessing a CHL.

"Property interests protected by the Due Process Clause of the Fourteenth Amendment do not arise whenever a person has only 'an abstract need or desire for,' or 'unilateral expectation of,' a benefit." Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701 (1972)). Plaintiff must have a "legitimate claim of entitlement" to the benefit. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701 (1972).

Property interests are created and defined by extra-constitutional sources, such as state laws. Id. In Oregon, the use and possession of weapons is codified in ORS Chapter 166. The statutes regulating the possession of concealed weapons are ORS §§ 166.291, 166.292, 166.293, and 166.295. ORS 166.291(1) states the sheriff of a county "shall" issue the applicant a CHL if the applicant satisfies the conditions in subsections (a)-(o). In 2007,[2] the Oregon Legislature amended ORS 166.291(1)(L), which requires that applicants have "not been convicted of an offense involving controlled substances." See Oregon Legislature Ch. 268, H.B. No. 2334 (2007). Here, because the Complaint and attached exhibits show Plaintiff has a conviction for a controlled substance offense, he cannot assert a property interest in his CHL because he fails to meet all the conditions of the amended ORS § 166.291 to be issued a CHL renewal under ORS 166.295.

Whether the state statute creates a property interest in a CHL is dependent on the statutory language restricting the issuing authority's (Winters) discretion to deny licenses from applicants who meet the requirements. Erdelyi, 680 F.2d at 63; Jacobson v.

---

2 Plaintiff's Complaint refers to a 2005 amendment. However, the amendment to ORS 166.291(1)(L) occurred in 2007. See Oregon Legislature Ch. 268, H.B. No. 2334 (2007).

Hannifin, 627 F.2d 177, 180 (9th Cir. 1980)). At the time o the events at issue, ORS 166.293(2) stated:

> Notwithstanding ORS 166.291(1), and subject to review as provided in subsection (5) of this section, a sheriff may deny a concealed handgun license if the sheriff has reasonable grounds to believe that the applicant has been or is reasonably likely to be a danger to self or others, or to the community at large, as a result of the applicant's mental or psychological state or as demonstrated by the applicant's past pattern of behavior involving unlawful violence or threats of unlawful violence.

Because the Sheriff has discretion to deny a CHL even when an applicant meets all the necessary conditions, Plaintiff cannot have a protected property interest in a CHL.

Even if Plaintiff might have had a property interest in the expired 2004 CHL, the denial of his CHL renewal did not violate due process because there is a statutory procedure in place allowing applicants to challenge CHL denials. Under ORS § 166.293(5):

> A person denied a concealed handgun license or whose license is revoked or not renewed under ORS 166.291 to 166.295 may petition the circuit court in the petitioner's county of residence to review the denial, nonrenewal or revocation. The petition must be filed within 30 days after the receipt of the notice of denial or revocation.

Thus, Plaintiff could not be denied due process because he did not allege he filed a petition within thirty days of receiving notice denying his CHL renewal.

Therefore, Plaintiff has failed to allege facts supporting a claim that Winters violated his protected property interest.

### b. Plaintiff does not establish a liberty interest under the Due Process Clause of the Fourteenth Amendment in possessing a CHL.

Although "liberty" as used in the Fourteenth Amendment has not been specifically defined, it includes such things as "'freedom from bodily restraint,'" the individual's right to contract, and "'generally to enjoy those privileges long recognized

. . . as essential to the orderly pursuit of happiness by free men.'" Bd. of Regents, 408 U.S. at 572 & n.11, 92 S. Ct. 2701 (quoting Bolling v. Sharpe, 347 U.S. 497, 499, 74 S. Ct. 693 (1954); Meyer v. Nebraska, 262 U.S. 390, 399, 43 S. Ct. 625 (1923)). As in Erdelyi, Plaintiff does not have a liberty interest in carrying a concealed weapon. 680 F.2d at 64. In Erdelyi, the court upheld the denial of plaintiff's concealed weapons license in spite of her claim she needed it for her occupation as a criminal defense investigator. The court reasoned plaintiff failed to allege she was excluded or denied for stigmatizing reasons. Id. at 63. The same rationale is applicable in this case. Plaintiff's Complaint fails to allege he was substantially excluded or stigmatized by the denial of his application. See id. Therefore, Plaintiff has failed to allege facts supporting a claim that Winters violated a valid liberty interest.

Because Plaintiff does not have a valid property or liberty interest, the court concludes Plaintiff's Complaint fails to state a claim for relief against Winters under the Due Process Clause of the Fourteenth Amendment.

### 2. Equal Protection Clause

The Equal Protection Clause protects against statutory classifications that "constitute an arbitrary and invidious discrimination." Loving v. Virginia, 388 U.S. 1, 10, 87 S. Ct. 1817 (1967). Under the Equal Protection Clause, the court is required to examine the questioned classification closely. Peruta v. Cnty. of San Diego, 758 F. Supp.2d 1106, 1118 (S.D. Cal. 2010). In Peruta, the court outlined a two-part evaluation for dealing with denials of concealed weapons licenses. First, whether there is "actual evidence" that would allow a reasonable jury to conclude Plaintiff was treated differently than others similarly situated; and second, whether the denial was based on impermissible

grounds. Id. Plaintiff's Complaint fails to allege either. First, Plaintiff does not allege he was treated differently than others similarly situated.[3] And second, Plaintiff has not challenged the validity of his denial based on the controlled substance offense. That is, Plaintiff does not challenge the relation between his denial and the legitimate state interest in public safety. See id. (State has an "important and substantial interest in public safety," which includes reducing rate of gun use in crime, and reducing public risks by limiting the number of concealed weapons.). Therefore, Plaintiff's Complaint fails to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment.

### C. Plaintiff's Complaint fails to state a claim for relief against Winters under the Contract Clause of Article I Section 10.

The Contract Clause prohibits the States from passing any "Law impairing the Obligation of Contracts." U.S. CONST. art. I, § 10, cl. 5. Statutes are not usually considered enforceable contracts "unless the language and circumstances evince a legislative intent to create private rights of a contractual nature enforceable against the government." Lindsay v. City of Phila., 844 F. Supp. 229, 235 (E.D. Pa. 1994) (internal citation omitted). Nothing in ORS 166.291 shows a legislative intent to allow private individuals to enforce contractual obligations against the government. ORS 166.291(6) is evidence the legislature intended to limit private enforcement of CHLs. ORS 166.291(6) states:

> No civil or criminal liability shall attach to the sheriff or any authorized representative engaged in the receipt and review of, or an investigation

---

[3] Under a liberal construction of Plaintiff's Complaint, it appears Plaintiff may allege he is being treated differently than medical marijuana patients. (Pl.'s Compl. Ex. C & D.) Exhibits C and D to the Complaint are newspaper articles discussing CHLs and medical marijuana patients in Oregon. See Willis v. Winters, 350 Or. 299, 253 P.3d 1058 (2011), petition for cert. filed, No. 11-120 (July 26, 2011). However, the only reference in the Complaint is to support the allegation that Winters applies the "law at his whim." (Pl.'s Compl. at 2.)

>   connected with, any application for, or in the issuance, denial or
>   revocation of, any license under ORS 166.291 to 166.295 as a result of the
>   lawful performance of duties under those sections.

Therefore, the statutorily authorized CHL agreement between Plaintiff and Winters is not a contract.

Also, even if Plaintiff's 2004 CHL was a valid contract "capable of being impaired by the state, it is well settled that any such agreements necessarily are subject to the state's legitimate, regulatory authority." Moity v. La. State Bar Ass'n., 414 F. Supp. 176, 179 (E.D. La. 1976). Therefore, Winters did not impair Plaintiff's alleged contract by denying his CHL renewal application.

The court concludes Plaintiff's claims against Winters should be dismissed because his Complaint fails to state a claim for relief under the Second Amendment, the Fourteenth Amendment, and Article I, Section 10 Contract Clause.

## II.  Claims against the Oregon Legislature and Representative Sal Esquivel

Plaintiff alleges that by passing the 2007 amendment to ORS 166.291, the Oregon Legislature and Representative Sal Esquivel ("Esquivel") "failed Plaintiff in creating a new road block to his once held rights." (Pl.'s Compl. at 3.) In addition to alleging this legislative amendment violates the same constitutional provisions as the claims against Winters, Plaintiff's Complaint alleges the Legislature and Esquivel violated his constitutional rights by passing an ex post facto law. Plaintiff's claims against the Legislature and Esquivel are both frivolous and fail to state a claim for which relief is available.

//

**A. Plaintiff's Claims against the Legislature and Esquivel for violating the Second Amendment, Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Contract Clause of Article I Section 10 should be dismissed as frivolous because the Legislature and Esquivel are entitled to absolute legislative immunity.**

Legislators "are entitled to absolute immunity from liability under § 1983 for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 49, 118 S. Ct. 966 (1998). Voting on the amendment to 166.291 in the Oregon House of Representatives is clearly legislative activity and "it simply is 'not consonant with our scheme of government for a court to inquire into the motives of the legislators.'" Id. at 55 (quoting Tenney v. Brandhove, 341 U.S. 367, 377, 71 S. Ct. 783 (1951)). Therefore, Esquivel and the Legislature are immune from liability for their vote on the amendment to ORS 166.291.

Legislative immunity also applies to all of Esquivel's interactions with Plaintiff because all Esquivel's actions were taken "'in the sphere of legitimate legislative activity.'" Id. at 54 (quoting Tenney, 341 U.S. at 376, 71 S. Ct. 783). Legislative acts are distinguishable from administrative or ministerial duties, which are not protected by legislative immunity. Thornton v. City of St. Helens, 231 F. Supp.2d 1019, 1024 (D. Or. 2002). Actions involving discretion and policymaking, "including services to constituents," are "'integral steps in the legislative process.'" Id. (quoting Bogan, 523 U.S. at 55-56, 118 S. Ct. 966). Esquivel's discussion of the amendment to ORS 166.291 with Plaintiff and the letter Esquivel sent to the California court on Plaintiff's behalf regarding the controlled substance conviction are legislative acts because Esquivel was in the process of servicing a constituent. See id. Esquivel's alleged forwarding of Plaintiff's letter[4] to him to the Medford Police Department was also in the sphere of

---

4 Plaintiff's Complaint also alleges "collusion" between Deputy Chief Tim George and Esquivel based on the direct quotations from the letter appearing in the Medford Police

legislative activity because the letter was from a constituent in response to Esquivel's legislative activities. See Tenney, 341 U.S. at 373, 71 S. Ct. 783 ("In order to enable and encourage a representative of the public to discharge his public trust with firmness and success, it is indispensably necessary, that he should enjoy the fullest liberty of speech, and that he should be protected from the resentment of every one, however powerful, to whom the exercise of that liberty may occasion offense." (citation omitted).)

Although legislative immunity is an affirmative defense and would not usually cause this court to dismiss Plaintiff's Complaint, §1915 allows for dismissals of in forma pauperis complaints "where the defense is complete and obvious from the face of the pleadings" Franklin, 745 F.2d at 1228. Therefore, Plaintiff's claims against the Legislature and Esquivel regarding the Second Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Contract Clause of Article I Section 10 should be dismissed as frivolous.

### B. Plaintiff's Complaint fails to state a claim for relief against the Legislature and Esquivel regarding the passage of an ex post facto law.

The Ex Post Facto Clause of Article I Section 10 prohibits the States from passing retroactively applicable (ex post facto) laws. U.S. CONST. art. I, § 10, cl. 5. The constitutional prohibition against ex post facto laws only applies to penal or criminal cases. Collins v. Youngblood, 497 U.S. 37, 41, 110 S. Ct. 2715 (1990) (citing Calder v. Bull, 3 U.S. (3 Dall.) 386, 390-92 (1798)). ORS 166.291(1)(L) does not make an innocent act criminal, aggravate an existing crime, change the punishment of an existing crime, or alter the evidentiary rules. See id. Thus, the amendment to ORS 166.291 is not

---

Department's Hotsheet. (Pl.'s Compl. at 4). The alleged collusion regarding Esquivel is addressed in the same section as George (infra at 11-12).

penal and does not violate the Ex Post Facto Clause. Therefore, Plaintiff's Complaint fails to state a claim for relief under the Ex Post Facto Clause of Article I Section 10.

This court concludes Plaintiff's claims against the Oregon Legislature and Representative Esquivel should be dismissed because Plaintiff's Complaint is frivolous and fails to state a claim for which relief can be granted.

### III.     Claim against Deputy Chief Tim George

In response to the denial of his CHL renewal, Plaintiff alleges he telephoned Deputy Chief Tim George ("George") and informed him of his plans to "'Open Carry'" his firearm. (Pl.'s Compl. at 4.) George told Plaintiff that other individuals who had carried weapons openly had issues or were forced to stop carrying. (Id.) Three days later, Plaintiff's image appeared in the Medford Police Department's "Hotsheet." (Id. Ex. M.) The Hotsheet warned officers to use caution when dealing with Plaintiff because of his plans to open carry. The Hotsheet also contained direct quotations from the letter Plaintiff sent to Esquivel in November 2010. (Id.)

Plaintiff's Complaint alleges George acted "in collusion with" Esquivel to "curtail" his Second Amendment right to bear arms and his Fourteenth Amendment right to due process. (Pl.'s Compl. at 4.) Plaintiff also alleges George violated his due process rights under the Fourteenth Amendment by purposely placing his "life in jeopardy from an in-experienced officer who might do Plaintiff bodily harm" and damaged his reputation by "placing Plaintiff's likeness on that Hot Sheet." (Id.)

//

**A. Plaintiff's Claim of collusion between Esquivel and George to deny his Second Amendment and Fourteenth Amendment right to due process should be dismissed as frivolous.**

Plaintiff's sole support for the alleged collusion between George and Esquivel to deny his Second and Fourteenth Amendment rights are the quotations from the letter he sent Esquivel appearing on the Hotsheet. (Id. Ex. M.) Even accepting all the allegations in Plaintiff's Complaint as true, there is no factual basis supporting Plaintiff's conclusory allegation of an agreement between Esquivel and George to violate Plaintiff's constitutional rights. See Twombly, 550 U.S. at 556, 127 S. Ct. 1955 ("we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made."). That is, Plaintiff fails to allege facts sufficient for raising a reasonable expectation that discovery would show an illegal agreement between Esquivel and George existed. See id. Because Plaintiff's Complaint fails to allege facts showing a possible agreement between Esquivel and George, Plaintiff's claims alleging Esquivel and George deprived him of his Second and Fourteenth Amendment rights should be dismissed as frivolous.

**B. Plaintiff's claim against George for violating his Fourteenth Amendment due process right should be dismissed as frivolous and for failing to state a claim for relief.**

Plaintiff alleges George violated his Fourteenth Amendment rights by publishing his name in the Medford Police Department Hotsheet for two reasons.

First, Plaintiff alleges George placed his life in danger from an inexperienced officer thereby implicating his liberty interest under the Fourteenth Amendment. As with Plaintiff's allegations of collusion discussed above, there is no factual basis supporting Plaintiff's allegations of potential future harm by inexperienced officers. Even under the

less stringent pro se standards requiring the court to liberally construe the complaint, Plaintiff's Complaint fails to allege facts sufficiently raising a reasonable expectation that an inexperienced officer may harm him in the future. See Erickson, 551 U.S. at 94, 127 S. Ct. 2197; see also Twombly, 550 U.S. at 556, 127 S. Ct. 1955.

Second, Plaintiff apparently alleges[5] George damaged his reputation in the community by publishing the Hotsheet with Plaintiff's picture in it, thereby implicating his liberty interest under the Due Process Clause of the Fourteenth Amendment. However, this allegation fails to state a claim for relief because defamatory publications that harm a plaintiff's "interest in reputation alone" are not deprivations under the Due Process Clause. Paul v. Davis, 424 U.S. 693, 711, 96 S. Ct. 1155 (1976). As in Paul, Plaintiff does not allege the Hotsheet publication deprived him of "any right vouchsafed to him by the State" other than his reputation. See id. at 712.

Therefore Plaintiff's claims against George and Esquivel for colluding to violate his Second and Fourteenth Amendment rights and against George individually for violating his Fourteenth Amendment rights should be dismissed as frivolous and for failing to state a claim for relief.

## ORDER

Plaintiff's application to proceed in forma pauperis (#1) is granted.

## RECOMMENDATION

Based on the foregoing, it is recommended Plaintiff's action be dismissed.

---

5  Under the "Relief sought for claim 3)" section of Plaintiff's Complaint, Plaintiff requests an apology from George "for besmirching Plaintiff's good name and standing in the general community." (Pl.'s Compl. at 5).

<u>*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*</u>. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. <u>*Objections to this Report and Recommendation, if any, are due by September 12, 2011. If objections are filed, any response to the objections are due by September 29, 2011*</u>, *see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 24 day of August, 2011.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE